
RECEIVED
IN LAKE CHARLES, LA

APR 26 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROBYN MONK SHELTON** | * | **CIVIL ACTION NO. 2:15-cv-2426** |
| | * | |
| v. | * | **JUDGE MINALDI** |
| | * | |
| **MANAGEMENT REGISTRY INC. d/b/a** | * | |
| **MALONE STAFFING SOLUTIONS** | * | **MAGISTRATE JUDGE KAY** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Before the court is a Motion to Dismiss (Rec. Doc. 6) filed by Management Registry, Inc., d/b/a Malone Staffing Solutions ("MRI"). The plaintiff, Robyn Monk Shelton ("Shelton"), appears pro se and has not filed any response to this motion. For the following reasons, the motion will be **GRANTED IN PART** and **DENIED IN PART**.

### BACKGROUND

MRI, a Kentucky corporation, operates a staffing agency in Michigan.[1] Shelton, who is now a Louisiana resident, was employed there as a temporary worker and sprained her knee on December 27, 2014, while on a job assignment.[2] She was given a desk assignment at her staffing agency while her knee healed.[3] On January 13, 2014, she was approved to return to the previous assignment.[4] However, on January 22, 2014, Shelton was informed by a phone call from her direct supervisor at MRI that her employment with MRI had been terminated.[5] The supervisor stated that Shelton was being terminated because she was a liability to the company.[6] Shelton

---

[1] Compl. (Rec. Doc. 1) ¶¶ 2-3; Corporate Disclosure (Rec. Doc. 7).
[2] Compl. (Rec. Doc. 1) ¶¶ 1, 4.
[3] *Id.* at ¶ 4.
[4] *Id.* at ¶ 5
[5] *Id.* at ¶ 6.
[6] *Id.*

1

was also given a letter from MRI the same day, which attributed the termination to the end of Shelton's previous assignment and a lack of available positions.[7]

Shelton filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was denied.[8] She then filed suit in this court, alleging discrimination by MRI in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*.[9] MRI filed the instant motion, urging that the suit be dismissed for lack of jurisdiction, failure to timely file a charge of discrimination with the EEOC, and failure to state a claim upon which relief may be granted.[10]

## LAW & ANALYSIS

MRI first claims that this court lacks subject matter jurisdiction over the claims and personal jurisdiction over the defendant, pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(2). However, its argument makes it clear that the challenge is actually limited to this court's personal jurisdiction. The burden of proof in such claims lies with the plaintiff, though she "need only make a *prima facie* case if the district court rules without an evidentiary hearing." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). The court must accept as true any uncontroverted allegations in the complaint and resolve any conflicts in the parties' affidavits in favor of the plaintiff. *Id.*

A federal court may exercise personal jurisdiction over a non-resident defendant where (1) the forum state's long-arm statute establishes personal jurisdiction over that defendant and (2) the exercise of that jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871 (5th Cir.

---

[7] *Id.* at ¶ 7.
[8] Ex. (Rec. Doc. 1-2), p. 1.
[9] Compl. (Rec. Doc. 1), ¶ 9.
[10] Memo. in Supp. of Def.'s Mot. to Dismiss (Rec. Doc. 6-1).

1999). Thus this court must first determine whether personal jurisdiction over MRI is justified under the relevant Louisiana law.

Louisiana's long-arm statute enumerates several types of contact between the defendant and forum state that give rise to personal jurisdiction, none of which have been alleged by Shelton in this matter. *See* LA. REV. STAT. ANN. § 13:3201(A). However, the statute also provides that Louisiana courts "may exercise personal jurisdiction over a nonresident on any basis consistent with the [Louisiana constitution] and . . . the Constitution of the United States." *Id.* at § 13:3201(B). Accordingly, Louisiana's long-arm statute is "coextensive with constitutional due process limits" and the inquiry may be framed as whether federal due process standards are satisfied. *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010).

Due process in personal jurisdiction requires that (1) the defendant has purposefully availed itself of the forum state's benefits and protections by establishing minimum contacts therewith and (2) exercising jurisdiction over the defendant "does not offend traditional notions of fair play and substantial justice." *Id.* Here Shelton has failed to allege any contact between MRI and Louisiana. The only involvement of the state appears to be Shelton's residency here, and she does not allege that she was a resident of this state at any point during the time she was employed by the defendant in Michigan. Accordingly, Shelton has not satisfied the first prong of the due process test and her claims against MRI must be dismissed for lack of personal jurisdiction. Because this court lacks jurisdiction over the defendant, it denies the other claims for dismissal as moot.

Lake Charles, Louisiana, this 23day of \_\_\_\_\_April\_\_\_\_\_, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE